Terrence S. Jones, ISB No. 5811
QUANE JONES McCOLL, PLLC
US Bank Plaza
101 S. Capitol Blvd., Ste. 1601
P.O. Box 1576
Boise, Idaho 83701
Telephone (208) 780-3939
Facsimile (208) 780-3930
tsj@quanelaw.com

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Brian Hill, Anne Hill, and Intermountain Fair Housing Council, Inc.<br><br>                    Plaintiffs,<br>          v.<br><br>River Run Homeowners Association Inc.,<br><br>                    Defendant. | Case No. 1:18-cv-00281-CWD<br><br>**ANSWER OF DEFENDANT RIVER RUN HOA, INC.** |

Defendant River Run Homeowners Association ("Defendant") hereby answers, objects and responds to the Complaint of Plaintiffs Brian and Anne Hill (the "Hill Plaintiffs") and Plaintiff Intermountain Fair Housing Council, Inc. ("Plaintiff IFHC" collectively with the Hill Plaintiffs the "Plaintiffs") as follows.  As an initial matter, the Plaintiffs' Complaint fails to allege facts and/or state a claim upon which relief can be granted by this court under the Fair Housing Act. In responding to the Complaint below, any allegation not specifically admitted is deemed denied.

1.      Defendant denies the allegations set forth within Plaintiffs' unnumbered introductory paragraph.

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 1

## I.      Jurisdiction and Venue

2.      Defendant admits the allegations of Paragraph 1 of Plaintiffs' Complaint.

3.      As to the allegations in Paragraph 2 of Plaintiffs' Complaint, upon information and belief, Defendant admits venue is proper before the Federal District Court for the District of Idaho.

## II.      The Parties

4.      Defendant objects to Plaintiffs' Paragraph 3 on the grounds that it is improperly prolix and compound.  Subject to and without waiving these objections, Defendant admits Plaintiffs Brian and Anne Hill temporarily resided in a home located at 2017 South White Pine Lane, in Boise, Idaho between the summer of 2014 and the spring or summer of 2015.  Defendant further admits that this home is located within the River Run Subdivision.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 3 of Plaintiffs' Complaint and, therefore, denies the same.

5.      Defendant objects to Plaintiffs' Paragraph 4 on the grounds that it is improperly prolix, compound, and argumentative.  Subject to and without waiving these objections, and upon information and belief, Defendant admits that IFHC is an Idaho not for profit corporation. Defendant lacks sufficient information to admit or deny the remaining allegations in Plaintiffs' Paragraph 4 and, therefore, denies the same.

6.      Defendant objects to Plaintiffs' Paragraph 5 on the grounds it is compound, argumentative and states legal conclusions to which no response is required.  Defendant objects to Plaintiffs' use of the undefined phrase "at all times relevant to this complaint."  Subject to and without waiving these objections, Defendant admits that it is an Idaho corporation.  Defendant admits that it is a homeowners' association for dwellings within the River Run Subdivision.

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 2

Defendant affirmatively states that the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*. is a statute that speaks for itself, and Defendant denies any allegation contained within Plaintiff's paragraph 5 that is inconsistent therewith.  Defendant denies the remainder of Plaintiff's Paragraph 5.

7.     Defendant objects to Plaintiffs' Paragraph 6 on the grounds it is ambiguous, compound, and states legal conclusions to which no response is required. Defendant objects to Plaintiffs' use of the undefined phrase "at all times relevant to this complaint." As worded, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 6 and therefore denies the same.

8.     As to the allegations in Paragraph 7 of the Complaint, Defendant affirmatively states the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*. is a statute that speaks for itself, and Defendant denies any allegation contained within Plaintiff's Paragraph 7 that is inconsistent therewith.  Upon information and belief, Defendant admits the house located at 2017 South White Pine Lane, Boise Idaho is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

### III.     Factual Allegations

9.     In answer to the allegations in Paragraph 8 of the Complaint, Defendant admits, upon information and belief, that Plaintiffs Brian and Anne Hill purchased the house at 2017 South White Pine Lane, Boise Idaho during the summer or fall of 2014.  Defendant lacks sufficient information to admit or deny the remaining allegations in Plaintiff's Paragraph 8 and therefore denies the same.

10.     Defendant objects to the use of the undefined and therefore ambiguous word "govern" in Plaintiffs' Paragraph 9. Defendant admits that River Run Home Owners Association Inc. is the homeowners' association (HOA) for the various phases of the River Run Subdivision.

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 3

Defendant admits that an Amended and Restated Declaration of Covenants, Conditions and Restrictions for River Run Subdivision was recorded with the Ada County Clerk and Recorder in 1995.  Defendant admits that an amendment to the Amended and Restated Declaration of Covenants, Conditions and Restrictions for River Run Homeowners Association was recorded with the Ada County Clerk and Recorder in 1997.  Defendant denies the remainder of the allegations in Plaintiff's Paragraph 9.

11.     Defendant objects to Plaintiffs' Paragraph 10 to the use of the undefined and therefore ambiguous word "govern." Defendant admits that the Amended and Restated Declaration of Covenants, Conditions and Restrictions for River Run Homeowners Association recorded on April 17, 1995 created an Architectural Committee for River Run Subdivision. Defendant states that the currently applicable Amended and Restated Declaration of Covenants, Conditions and Restrictions for River Run Homeowners Association and its predecessors—including Article XI therein—are publicly available documents that speak for themselves, and Defendant denies any allegation inconsistent therewith.  Defendant denies any implication that the Declaration of Covenants, Conditions and Restrictions for River Run Homeowners Association delegates plenary control of all "authority to govern construction, alterations, and landscaping" within River Run Subdivision to the River Run Architectural Committee. Defendant denies the remainder of the allegations in Plaintiff's Paragraph 10.

12.     Defendant objects to Plaintiffs' Paragraph 11 on the grounds that it is ambiguous, compound, argumentative and irrelevant and because it fails to define or specify the "United States Census data" it purportedly refers to.  Defendant objects to Plaintiffs' paragraph 11 on the grounds that it uses the undefined measurement "the few." Defendant is without sufficient information to

affirm or deny the allegations in Plaintiff's paragraph 11 and, therefore, denies the same.

13.     Defendant objects to Plaintiffs' Paragraph 12 on the grounds that it uses the undefined and therefore ambiguous term "HOA rules."   Subject to and without waiving these objections, admit.

14.     Defendant objects to Plaintiffs' Paragraph 13 on the grounds that it is ambiguous, irrelevant, and uses the undefined and therefore ambiguous phrase "at all times relevant to this complaint."   Subject to and without waiving these objections, denied.

15.     Defendant objects to Plaintiffs' Paragraph 14 on the grounds that it is improperly prolix, irrelevant, argumentative, and uses the undefined and therefore ambiguous phrase "at all times relevant to this complaint."   Subject to and without waiving these objections, Defendant denies that "at all times relevant to this Complaint the tennis courts had a posted sign stating that adults had preference to use the courts after 3:00 pm on weekdays and at all times on weekends, and holidays."  Defendant denies the existence of any rule that "prevents most children from using the tennis courts."  Defendant denies that "most children are in school the only time that adults do not have priority."   Defendant denies the remainder of the allegations set forth in Plaintiffs' Paragraph 14.

16.     Defendant admits that the house at 2017 South White Pine Lane, Boise Idaho has a typical meandering waterway behind it as are commonly found within this area since the subdivision was initially constructed.  Defendant lacks sufficient information to affirm or deny the remaining allegations in Plaintiffs' Paragraph 15 and therefore denies the same.

17.     Defendant objects to Plaintiff's Paragraph 16 on the grounds that it is vague by not specifying which version of the Architectural Rules it is referring and for using the undefined and

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 5

therefore ambiguous terms and phrases "govern" and "at all times relevant to this complaint." Defendant admits that architectural improvements to River Run are evaluated and addressed, in part, by the various Rules and Regulations of the River Run Architectural Committee. Defendant denies the Rules and Regulations of the River Run Architectural Committee constitute the sole governance of all architectural improvements within the River Run Subdivision. Defendant denies the remaining allegations in Paragraph 16.

18.     Defendant objects to Plaintiffs' Paragraph 17 on the grounds that it is vague by not specifying which version of the River Run Architectural Committee Rules and Regulations it is referring since two different versions were in place during different times in 2014. These Rules and Regulations which were revised during 2014 are document(s) that speaks for it/themselves, and Defendant denies any allegation inconsistent therewith. Subject to and without waiving these objections, Defendant admits that the quoted text within Paragraph 17 appears to be a partial excerpt from the Rules and Regulations of the River Run Architectural Committee as they existed in the January 2014 revision. Defendant denies the remainder of Plaintiffs' Paragraph 17.

19.     Defendant objects to Plaintiffs' Paragraph 18 on the grounds that it is vague because it does not specify what version of the "Architectural Rules" it refers to. Subject to and without waiving these objections Defendant denies that Section 3.12 contains four types of fences that are always "allowed." Defendant denies that all enclosing fences are "allowed" pursuant to Section 3.12. Defendant admits that the Rules and Regulations of the River Run Architectural Committee as they existed in the January 2014 revision contained text stating in part: "the enclosing fence which, under very special circumstances, may be allowed for the safety of children…" Defendant affirmatively states that this is not the entire text of the section which Plaintiffs seek to take out of

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 6

context.  Defendant states that the January 2014 revision of the Rules and Regulations of the River Run Architectural Committee is a document that speaks for itself, and Defendant denies any allegation inconsistent therewith.  Defendant denies the remainder of Plaintiffs' Paragraph 18.

20.     Defendant objects to Plaintiffs' Paragraph 19 on the grounds that it is vague because it does not specify what version of the "Architectural Rules" it refers to.  Defendant admits that Section 3.12 of the Rules and Regulations of the River Run Architectural Committee applicable in the January 2014 revision contained the text quoted within Paragraph 19. Defendant affirmatively states that this is not the entire text of the section.  Defendant states that the January 2014 revision of the Rules and Regulations of the River Run Architectural Committee is a document that speaks for itself, and Defendant denies any allegation inconsistent therewith. Defendant denies the remainder of Plaintiffs' Paragraph 19.

21.     Defendant objects to Plaintiffs' Paragraph 20 that it is vague because it does not specify what version of the "Architectural Rules" it refers to.  Defendant admits that Section 3.12.2 of the Rules and Regulations of the River Run Architectural Committee applicable in the January 2014 revision contained the text "to prevent geese from coming into the yard, or for the safety of small children—if approved by the Architectural Committee."  Defendant affirmatively states that this is not the entire text of the section.  Defendant states that the January 2014 revision of the Rules and Regulations of the River Run Architectural Committee is a document that speaks for itself, and Defendant denies any allegation inconsistent therewith.  Defendant denies the remainder of Plaintiffs' Paragraph 20.

22.     In answer to Plaintiffs' Paragraph 21, Defendant denies River Run Subdivision, which contains several different community phases, contains a "wide variety of fences and fence-

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 7

like structures." With very limited exceptions, the entire River Run Subdivision has been open and without fences since the first phases were built back in the 1980's. Defendant denies that "many" of the fences contained with in River Run Subdivision "fail to comply" with the applicable revisions to the Rules and Regulations of the River Run Architectural Committee. Defendant denies the remainder of Plaintiffs' Paragraph 21.

23.     Defendant objects to Plaintiffs' Paragraph 22 because it fails to specify which revision and/or amendment to the Declaration of Covenants, Conditions, and Restrictions of River Run Subdivision that it refers to. Subject to and without waiving these objections, Defendant states that the Declaration of Covenants, Conditions, and Restrictions applicable to River Run Subdivision is a document that speaks for itself, and Defendant denies any allegation inconsistent therewith.

24.     Defendant is without sufficient information to admit or deny the allegations set forth at Plaintiffs' Paragraph 23 and, therefore, denies the same.

25.     In answer to Plaintiffs' Paragraph 24, Defendant admits that on October 19, 2014 Plaintiff Brian Hill submitted an incomplete application requesting to install a wrought iron fence. Defendant denies the remaining allegations in Plaintiffs' Paragraph 24.

26.     In answer to Plaintiffs' Paragraph 25, Defendant admits that Plaintiff Brian Hill attached a letter to his incomplete October 19, 2014 fence application. Defendant states that the letter attached to Plaintiff Brian Hill's incomplete October 19, 2014 application is a document which speaks for itself and Defendant denies any allegation inconsistent therewith. Defendant lacks sufficient information to admit or deny the remaining allegations in Plaintiffs' Paragraph 25 and, therefore, denies the same.

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 8

27.     In answer to Plaintiffs' Paragraph 26, Defendant admits that Plaintiff Brian Hill attended a River Run Homeowners' Association meeting on October 20, 2014 where fencing in general was discussed. Defendant denies the remaining allegations in Plaintiffs' Paragraph 26, including the allegation that Plaintiff Brian Hill presented any proposal to install a fence.

28.     In answer to Plaintiffs Paragraph 27, Defendant admits that Tom Rousch, a member of the River Run Architectural Committee, sent an email to some members of the River Run Architectural Committee on October 20, 2014.  Defendant admits that the text quoted within Plaintiffs' Paragraph 27 is an incomplete excerpt from that email that was sent out before the River Run Architectural Committee had ever met to consider and discuss Plaintiffs' fencing application. Defendant states that the excerpt is not the entire text of the email. Defendant denies that Tom Rousch's email represented a statement or position of the River Run Architectural Committee that had yet to review Plaintiffs' fencing application.  Defendant denies the remainder of Plaintiffs' Paragraph 27.

29.     In answer to Plaintiffs' Paragraph 28, Defendant admits that David Holm was a member of the River Run Architecture Committee on October 21, 2014.  Defendant admits that David Holm sent an email to Tom Rousch on October 21, 2014.  Defendant admits that the text quoted within Plaintiffs' Paragraph 28 is an incomplete and altered excerpt from that email. Defendant states the excerpt is not the entirety of the email.  Defendant denies the remainder of Plaintiffs' Paragraph 28.

30.     Defendant objects to Plaintiffs' Paragraph 29 because it is compound and argumentative. Subject to and without waiving these objections, Defendant admits that Tom Rousch sent an email to some members of the River Run Architectural Committee on October 21,

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 9

2014. Defendant admits this email contained the text quoted within Plaintiffs' Paragraph 29. Defendant states that the excerpted text is not the entirety of the email.  Defendant denies that Tom Rousch's email was a statement of the River Run Architecture Committee who had yet to even meet to review Plaintiffs' fencing application. Defendant denies the remainder of Plaintiffs' Paragraph 29.

31.     As alleged, Defendant is without sufficient information to admit or deny the allegations set forth at Plaintiffs' Paragraph 30 and therefore denies the same.

32.     Defendant objects to Plaintiffs' Paragraph 31 because it is vague and compound. Subject to and without waiving these objections, Defendant admits that the Hill Plaintiffs' fencing application was incomplete and that Dave Holm proposed postponing the site visit to the Hill home to address the fencing application request until the application was complete. Defendant denies the remainder of Plaintiffs' Paragraph 31.

33.     Defendant objects to Plaintiffs' Paragraph 32 on the grounds that it is ambiguous, confusing, and compound.  Subject to and without waiving these objections, Defendant admits on October 30, 2014 David Holm wrote an email that contained, in part, the text quoted within Plaintiffs' Paragraph 32.  Defendant states that this was not the entire text of the email.  Further Defendant states that the email is a document that speaks for itself, and Defendant objects to any allegation or purported interpretation inconsistent therewith.  Defendant denies the remainder of Plaintiff's Paragraph 32.

34.     In answer to Plaintiffs' Paragraph 33, Defendant admit Jim Thompson sent an email on October 23, 2014 that contained, in part, the text quoted within Plaintiffs' Paragraph 32. Defendant states that the email is a document that speaks for itself and Defendant denies any

allegation inconsistent therewith.  Defendant affirmatively states that what is quoted is not the entire text of the email. Defendant denies that Jim Thompson's email was a statement of the River Run Architecture Committee since he was not a member of that committee.   Defendant denies the remaining allegations in Plaintiffs' Paragraph 33.

35.     Defendant admits the allegations of Paragraph 34 of Plaintiffs' Complaint.

36.     Defendant denies the allegations of Paragraph 35 of Plaintiffs' Complaint.

37.     Defendant denies the allegations of Paragraph 36 of Plaintiffs' Complaint.

38.     Defendant objects to Plaintiffs' Paragraph 37 on the grounds that it is compound, and argumentative.  Subject to and without waiving these objections, Defendant admits that the River Run Architectural Committee denied the Hill Plaintiffs' noncompliant fencing proposal. Defendant states that the Hill Plaintiffs were given numerous options and suggestions on how to modify their fencing request proposal in order to make it comply with the applicable rules which were rejected by Plaintiff Brian Hill.  Defendant denies the remaining allegations of Paragraph 37 of Plaintiffs' Complaint.

39.     In answer to Plaintiffs' Paragraph 38, Defendant admits Jeff Stipp was a member of the River Run Architectural Committee and that he spoke with Plaintiff Brian Hill.  Defendant denies the remaining allegations of Paragraph 38 of Plaintiffs' Complaint.

40.     Defendant lacks sufficient information to admit or deny the allegations set forth within Plaintiffs' Paragraph 39 and, therefore, denies the same.

41.     Defendant objects to Plaintiffs' Paragraph 40 on the grounds that it is compound, and argumentative.  Defendant admits the Hill Plaintiffs' made a second fencing proposal submission to the River Run Architectural Committee which was virtually identical to the first

fencing proposal which was still nonconforming to the existing rules.  Defendant lacks sufficient information to admit or deny the remaining allegations in Plaintiffs' Paragraph 41 and therefore denies the same.

42.     In answer to Plaintiffs' Paragraph 41, Defendant admits there was a River Run Board of Directors meeting on November 17, 2014 during which modification of fencing rules was discussed as the River Run Architectural Committee had been addressing this issue for several months leading up to this meeting. Defendant denies the remaining allegations of Paragraph 41 of Plaintiffs' Complaint.

43.     In answer to Plaintiffs' Paragraph 42, Defendant admits at the River Run Board of Directors meeting on November 17, 2014, the Board revised and adopted several changes to the fencing section of the Rules and Regulations of the River Run Architectural Committee.  This document speaks for itself, and Defendant objects to any allegation or purported interpretation inconsistent therewith.  Defendant denies the remainder of Plaintiff's Paragraph 42.

44.     In answer to Plaintiffs' Paragraph 43, Defendant admits that Lloyd Cox was the President of the HOA on November 25, 2014.  Defendant admits that Lloyd Cox sent an email to Plaintiff Brian Hill on November 25, 2014.  Defendant admits the email contained, in part, the text quoted within Plaintiffs' Paragraph 43.  Defendant states that the email is a document that speaks for itself and Defendant denies any allegation inconsistent therewith.  Defendant affirmatively states that what is quoted is not the entire text of the email. Defendant denies the remainder of Plaintiffs' Paragraph 43.

45.     Defendant objects to Plaintiffs' Paragraph 44 because it does not specify what version of the "Architectural Rules" it refers to.   Defendant admits the appeal procedure is not set

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 12

forth within the "Architectural Rules", however, multiple emails were sent by River Run to Brian Hill including on October 20, 2014 and November 25, 2014, setting forth in detail the procedure for pursuing any appeal to the full River Run Board in the event of a denial of his fencing application before the River Run Architectural Committee. Defendant denies the remainder of Plaintiffs' Paragraph 44.

46.     In answer to Plaintiffs' Paragraph 45, Defendant admits Plaintiff Brian Hill sent Lloyd Cox an email on November 26, 2014.  Defendant admits that the email contained, in part, the text quoted within Plaintiffs' Paragraph 45.  Defendant states that this was not the full text of the email.  Defendant denies the remainder of Plaintiffs' Paragraph 45.

47.     In answer to Plaintiffs' Paragraph 46, Defendant denies that the November 26, 2014 email referred to was an application that required a further response within twenty days. Defendant denies the remainder of Plaintiffs' Paragraph 46.

48.     In answer to Plaintiffs' Paragraph 47, Defendant admits that its then counsel, Mr. Randall Schmitz, received a letter dated December 19, 2014 from the Hill Plaintiffs then counsel, Mr. Richard Stubbs.  Said letter set forth the Hill Plaintiffs' intent to unilaterally construct a fence without approval from Defendant or the River Run Architectural Committee.  Defendant states that the December 19, 2014 letter is a document that speaks for itself and requires no further response from this Defendant. Defendant denies the Hill Plaintiffs' fencing application was ever deemed approved based on alleged inactivity of Defendant or the River Run Architectural Committee.  Defendant denies the remainder of Plaintiffs' Paragraph 47.

49.     In answer to Plaintiffs' Paragraph 48, Defendant objects to Plaintiffs' selective removal of paragraphs and sentences out of the January 6, 2015 letter.  Subject to and without

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 13

waiving these objections, Defendant admits that Lloyd Cox sent a letter to Plaintiff Brian Hill dated January 6, 2015.  Defendant states that the letter is a document that speaks for itself, and Defendant denies any allegation inconsistent therewith.  Defendant admits that portions of Plaintiffs' Paragraph 48 contain excerpts of the January 6, 2015 letter.  Defendant denies that the full and complete text of the letter is stated within Plaintiffs' Paragraph 48.

50.     In answer to Plaintiffs' Paragraph 49, Defendant admit that on January 15, 2015 Dave Holm and Lloyd Cox met with Plaintiff Brian Hill. Defendant denies any implication that Plaintiff Brian Hill was told that children were not permitted to play at the house at 2017 South White Pine Lane or anywhere else within the River Run Subdivision. Defendant denies the remainder of Plaintiffs' Paragraph 49.

51.     Defendant denies the allegations of Paragraph 50 of Plaintiffs' Complaint.

52.     Defendant denies the allegations of Paragraph 51 of Plaintiffs' Complaint.

53.     In answer to Plaintiffs' Paragraph 52, Defendant denies the Hill Plaintiffs were "unable to install a fence to protect their children" or that they were "facing hostilities against families with children from the HOA."  The Hill Plaintiffs were given multiple options and opportunities to submit an acceptable fencing proposal which Plaintiff Brian Hill rejected because he wanted a specific noncompliant fence.  The Hill Plaintiffs were never told they could not install a fence to protect their children, nor did the Hill Plaintiffs ever disclose having anyone within their home with any kind of disability.  Defendant lacks sufficient information to admit or deny the remaining allegations in Plaintiff's Paragraph 52 and therefore denies the same.

54.     Defendant objects to Plaintiffs' Paragraph 53 on the grounds that it is compound and states legal conclusions for which no response is required.  Defendant admits that the United

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 14

States Department of Housing and Urban Development indicated that on July 16, 2015, the Hill Plaintiffs filed a complaint HUD alleging purported discriminatory practices. Defendant admits that, generally, an "aggrieved person's" filing of an administrative complaint pursuant to 42 U.S.C. § 3613(1)(a) begins the statutory tolling period set forth at 42 U.S.C. § 3613(1)(b) for that "aggrieved person's" statutory civil claims pursuant to 42 U.S.C. § 3613(1)(a). Upon information and belief, Defendant denies Plaintiff IFHC filed its own HUD complaint. Defendant denies IFHC was a claimant with respect to the Hill Plaintiffs' July 16, 2015, HUD Complaint. Defendant is without sufficient information to affirm or deny the remainder of the allegations contained within Plaintiffs' Paragraph 53 and therefore denies the same.

55.     In answer to Plaintiffs' Paragraph 54, Defendant admits that on September 21, 2017, HUD issued a letter concluding its 26 month investigation regarding the Hill Plaintiffs' complaint and stated, in part, that "[b]ased on the evidence obtained during the investigation, HUD has determined that no reasonable cause exists to believe that a discriminatory housing practice has occurred. Accordingly, HUD has completed its administrative processing of this complaint under the Act and the complaint is hereby dismissed." Defendant states that the September 21, 2017 HUD letter is a document that speaks for itself and denies any allegation inconsistent therewith. Defendant specifically denies that Plaintiff IFHC was a claimant, respondent, or otherwise a party to the Hill Plaintiff's HUD administrative complaint. Defendant denies the remainder of Plaintiffs' Paragraph 54.

56.     Defendant denies the allegations set forth within Plaintiffs' Paragraph 55.

57.     Defendant objects to Plaintiffs' Paragraph 56 on the grounds that it is compound and states legal conclusions that do not require a response. Subject to and without waiving these

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 15

objections, Defendant lacks sufficient information to admit or deny the allegations related to Plaintiff IFHC's specific allocation of resources, and, therefore, Defendant denies the same. Defendant denies the remainder of Plaintiffs' Paragraph 56.

58.     Defendant denies the allegations set forth in Plaintiffs' Paragraph 57.

59.     Defendant denies the allegations set forth in Plaintiffs' Paragraph 58.

60.     In answer to Plaintiffs' Paragraph 59, Defendant denies the parties have a present dispute regarding Defendant's duties "under state law."  Defendant admits the parties dispute Defendant's duties under federal law only to the extent Plaintiffs contend there was a violation of the Fair Housing Act, which Defendant denies.  Defendant denies Plaintiffs are entitled to the declaratory relief requested in Plaintiffs' Complaint and the remainder of Plaintiffs' Paragraph 59.

61.     Defendant denies the allegations set forth in Plaintiffs' Paragraph 60.

### IV.     First Cause of Action

62.     In answer to Plaintiffs' Paragraph 61, Defendant repeats and restates its objections and responses to Plaintiff's Paragraph 1-60.

63.     Defendant denies the allegations set forth in Plaintiffs' Paragraph 62.

### V.     Relief Sought

64.     Defendant denies that Plaintiffs are entitled to the relief sought as stated in a. through g. of Plaintiffs' Complaint.

### DEFENDANT'S AFFIRMATIVE DEFENSES

### Defendant's First Affirmative Defense
### (Statute of Limitations)

1.     Plaintiffs Brian Hill and Anne Hill's claims are barred in whole or in part by the statute of limitations applicable to Fair Housing Act claims, or any other applicable statute of

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 16

limitations.

2.      Plaintiff IFHC Inc.'s claims are barred by the statute of limitations applicable to Fair Housing Act claims, or any other applicable statute of limitations.

3.      Plaintiffs cannot establish any continuing violation or discrimination.

4.      Plaintiffs cannot establish any act or acts of discrimination, violation, or policy resultant in actionable disparate or discriminatory impact, which occurred within the statute of limitations.

5.      Plaintiffs cannot establish any failure to accommodate which occurred within the statute of limitations.

6.      Plaintiff IFHC did not file any administrative complaint with HUD and was not a claimant to any HUD complaint.

7.      Plaintiffs Brian and Anne Hill did not file any Complaint with HUD regarding any discrimination claim related to any disability or handicap, including but not limited to any failure to accommodate claim.

8.      No discrimination on the basis of any disability or handicap occurred during the statute of limitations.

**Defendant's Second Affirmative Defense**
**(Laches)**

9.      The purported events or acts discussed in the Complaint occurred in 2014 and early 2015.

10.     Plaintiffs were aware of their purported claims and were not precluded from bringing their claims in any manner.

11.     Plaintiffs waited too long to bring their claims and are therefore barred from

bringing them.

12.     Defendant has been unfairly prejudiced by the delay in Plaintiffs bringing their claims.

**Defendant's Third Affirmative Defense**
**(Contributory Negligence/Contributory Conduct/Assumption of Risk)**

13.     Plaintiffs Brian and Anne Hill failed to adequately perform due diligence prior to the purchase of their home and to review and consider the rules and regulations applicable thereto in light of their own subjective personal feelings regarding safety and fencing necessity.  Likewise, Plaintiffs Brian and Anne Hill never represented or claimed to have any family members in their home with any physical or mental handicap needing any accommodation.

14.     Plaintiff IFHC's decision to allocate its resources, as set forth in the Complaint, to a non-discriminatory dispute regarding property rights caused any harm purportedly suffered by Plaintiff IFHC in whole or in part.

15.     Plaintiffs Brian and Anne Hill failed to properly complete River Run's architectural review process and related appeal to the River Run Subdivision HOA Board.

16.     Plaintiffs Brian and Anne Hill, with or without the advice of Plaintiff IFHC, unreasonably failed to avail themselves of the reasonable alternatives provided by the River Run HOA and/or River Run Architectural Committee and the applicable rules of River Run Subdivision in order to obtain approval and install an acceptable fence.

17.     Plaintiffs Brian and Anne Hill, with or without the advice of Plaintiff IFHC, unreasonably decided to sell their home and/or they elected to sell their home for reasons unrelated to the matters at issue in their complaint.

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 18

18.     Plaintiffs conduct or inaction, including with respect to the purported facts and events set forth in Plaintiffs' Complaint (specifically including Plaintiff Brian Hill's refusal to modify his fencing request to comply with existing rules) resulted or contributed to any harm, damages and/or purported discrimination they purport to have experienced.

**Defendant's Fourth Affirmative Defense**
**(Failure to Mitigate)**

19.     Defendant restates affirmative defense paragraphs 13 through 18.

20.     Plaintiffs' attorney fees in this matter are unreasonable including, but not limited to, their retention of multiple firms.

21.     Plaintiffs have failed to mitigate and have unreasonably exacerbated their damages arising out of any purported discrimination or otherwise actionable conduct set forth in the Complaint.

22.     Plaintiffs claim they suffered losses as a result of selling their home, however, upon information and belief the Hill Plaintiffs actually netted a significant profit from the sale of their home.

**Defendant's Fifth Affirmative Defense**
**(Standing)**

23.     Plaintiffs lack standing with respect to their claims in whole or in part.

24.     Plaintiff IFHC cannot show a concrete or particularized injury to itself or one of its members with respect to any purported housing discrimination on the basis of familial status alleged in the Complaint.

25.     Plaintiff IFHC cannot show a concrete or particularized injury to itself or one of its members with respect to any purported housing discrimination on the basis of disability status

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 19

alleged in the Complaint.

26.     Plaintiffs Brian and Anne Hill lack standing with respect to any purported housing discrimination on the basis of disability status alleged in the Complaint.

### Defendant's Sixth Affirmative Defense
### (Estoppel/Waiver)

27.     Defendant restates affirmative defense paragraphs 1 through 26 above.

28.     Plaintiffs' claims are barred by waiver or estoppel in whole or in part.

### **[RESERVED]**

Discovery and additional information regarding Plaintiffs' claims may result in the applicability of additional affirmative defenses that are not presently known to Defendant and therefore cannot be stated or waived.   Defendant expressly reserves the right to add such affirmative defenses as they become known.

### VI.     Prayer For Relief

Wherefore, Defendant respectfully requests that judgment be entered in its favor and against Plaintiffs on all claims, that Plaintiffs' Complaint and all claims therein be dismissed with prejudice, and that Plaintiffs take nothing therefrom.   Defendant has had to retain legal counsel to defend itself and its members against Plaintiffs' allegations and hereby requests to recover its reasonable attorney fees and costs pursuant to 42 U.S.C. § 3613, F.R.C.P. 54, and any other applicable rule, statute, or common law, along with such other relief as the Court deems proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38, Defendant hereby requests a trial by jury.

ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 20

DATED this 17th day of August, 2018.

QUANE JONES McCOLL, PLLC


By /s/ Terrence S. Jones
      Terrence S. Jones, Of the Firm
      Attorneys for Defendants


CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 17th day of August, 2018, I served a true and correct copy of the foregoing CORPORATE DISCLOSURE STATEMENT by delivering the same to each of the following:

Michael Witry
Intermountain Fair Housing Council                    [X]      CM/ECF
4696 W. Overland Rd., Ste. 140
Boise, Idaho 83706
Telephone: (208) 383-0695
Facsimile: (208) 383-0715
mwitry@ifhcidaho.org
Attorneys for Plaintiff


Christopher Brancart, pro hac vice
Brancart & Brancart                                   [X]      CM/ECF
PO Box 686
Pescadero, CA 94060
Telephone: (650) 879-0141
Facsimile: (650) 879-1103
cbrancart@brancart.com
Attorneys for Plaintiff


    /s/ Terrence S. Jones


ANSWER OF DEFENDANT RIVER RUN HOA, INC. - 21