UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN HILL, ANNE HILL, and INTERMOUNTAIN FAIR HOUSING COUNCIL, INC.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>RIVER RUN HOMEOWNERS ASSOCIATION, INC.,<br><br>　　　　　　Defendant. | Case No. 1-18-cv-00281-CWD<br><br>**ORDER** |

Pending before the Court are the following motions: Defendant's motion to strike and exclude plaintiff's rebuttal experts (Dkt. 33); Defendant's motion to strike and for protective order (Dkt. 34); Plaintiffs' motion in limine to exclude Defendant's expert report and expert witness testimony (Dkt. 35); Defendant's motion for summary judgment (Dkt. 39); Plaintiffs' motion for summary judgment (Dkt. 42); Defendant's motion to strike the first affidavit of Brian Hill (Dkt. 50); and Defendant's motion to strike the second affidavit of Brian Hill (Dkt. 53).

ORDER - 1

Upon a preliminary review of the motions, and after conferring with the parties during the telephonic status conference conducted on September 3, 2019, **IT IS HEREBY ORDERED:**

1) Defendant's Motion to Strike and Exclude Plaintiffs' Rebuttal Experts (Dkt. 33) is **TERMINATED**, without prejudice to Defendant's renewal of the motion upon request, if necessary, following the Court's determination of the two pending motions for summary judgment. The parties confirmed during the status conference that resolution of this motion is not necessary for the Court to decide the pending motions for summary judgment.

2) Defendant's Motion to Strike and For Protective Order Limiting Discovery (Dkt. 34) is **GRANTED IN PART**. Pursuant to the parties' agreement and as set forth in Defendant's motion and supporting documents, Defendant will respond to Plaintiffs' requests for admission.[1] Defendant's motion for protective order is granted in part, in that Defendant is not required to respond to Plaintiffs' other outstanding discovery requests at this time. The Court's order is without prejudice to Plaintiffs seeking a further order of the Court regarding the outstanding interrogatories and requests for production, if necessary, following the Court's determination of the pending motions for summary judgment. Defendant's objections to the same are therefore preserved as well.[2]

---

[1] Defendant represented there were ninety requests for admission.
[2] During the telephonic status conference, Plaintiffs confirmed they did not raise an argument pursuant to Fed. R. Civ. P. 56(d) that the discovery was necessary to oppose Defendant's motion for summary judgment, which is fully briefed.

**ORDER - 2**

3) Plaintiffs' Motion to Exclude Defendant's Expert Report and Exclude Expert Witness Testimony (Dkt. 35) is **TERMINATED**, without prejudice to Plaintiffs' renewal of the motion upon request, if necessary, following the Court's determination of the two pending motions for summary judgment. The parties confirmed during the status conference that resolution of this motion is not necessary for the Court to decide the pending motions for summary judgment.

4) The parties' respective motions for summary judgment (Dkt. 39, 42) and the related motions to strike (Dkt. 50, 53) will be set for oral argument on **October 24, 2019**, **at 11:00 a.m.** A separate notice of hearing is forthcoming.

DATED: September 3, 2019

_____
Honorable Candy W. Dale
United States Magistrate Judge

ORDER - 3